NIMPEX INTERNATIONAL, INC., a corporation, Plaintiff,

v.

S.S. MONKSGARTH, her engines, tackle, etc., et al., Defendants (two cases).

No. 71 C 1164.

United States District Court, N. D. Illinois, E. D.

Nov. 12, 1971.

Richard M. Sawdey, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for plaintiff.

Daniel K. Schlorf, Bradley, Eaton, Jackman & McGovern, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

This is an admiralty proceeding by Nimpex International, Inc. (Nimpex) against the S. S. Monksgarth (Monksgarth), St. Denis Shipping Co., Ltd. (Denis), and Federal Commerce and Navigation Company Limited, alleging the delivery of cargo in a damaged condition.

Nimpex has attempted to obtain jurisdiction over Denis, a British corporation and owner of the vessel Monksgarth, through service of process on the Illinois Secretary of State, under the provisions of the Illinois Non-Resident Watercraft Operators' Act (Act), Ill.Rev.Stat.1969, ch. 110, § 263b, which provides in pertinent part:

"263b. Process

"The use and operation by any person of * * * a watercraft in the waters of this State, shall be deemed an appointment by such person of the Secretary of State, to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally if such person is a nonresident of this State or at the time a cause of action arises is a resident of

this State but subsequently becomes a nonresident of this State."

The gravamen of the libel is that cargo consisting of a quantity of galvanized sheets in coils was shipped on board the Monksgarth from the Port of Antwerp, Belgium, to the Port of Chicago, Illinois, arriving at Chicago in a rusted and damaged condition. There are no allegations of any negligent acts or omissions committed by the Monksgarth crew while said ship was upon Illinois waters. Excluding the inference drawn from the charge that the ship arrived at the Port of Chicago with damaged cargo in violation of a bill of lading agreement between the parties, there exists no charge that the ship even traversed Illinois waters.

Nimpex contends: (1) that the delivery of cargo at Chicago in a damaged condition constitutes a sufficient basis for imposing liability on Denis, (2) that since the delivery itself necessarily took place in the waters of Illinois, the requirement that the action grew out of the use and operation of Illinois waters has been met, and (3) that the Act on its face does not require that any acts or omissions take place in the waters of Illinois.[1]

Denis moves the Court to quash service of process on the ground that the libel fails to allege any incidents in the use of Illinois waters sufficient to bring the case within the provisions of the Act. Federal Commerce and Navigation Company Limited does not join in the motion to quash.

The pronouncement of the Seventh Circuit in Valkenburg, K–G v. The Henry Denny, 295 F.2d 330 (1961) forecloses extensive consideration of the arguments raised by Nimpex. Briefly, in *Valkenburg*, the libelant contended that shipment of cargo from the Port of Chi-

---

1. The parties do not dispute that "extraterritorial federal process pursuant to a state statute authorizing extraterritorial personal service is permissible in ad-

miralty [citations omitted.]" McKee v. Brunswick Corp., 354 F.2d 577, 580 (7th Cir. 1965).

**512**

cago to the Port of Rotterdam and its arrival at Rotterdam in a damaged condition in violation of the parties' bill of lading agreement constituted sufficient use of Illinois waters to permit substituted service under the Act.

Noting that the libel failed to allege, *inter alia,* "that the deterioration of the cargo upon its arrival at Rotterdam was a result of causative forces growing out of the use of the waterways of Illinois," the *Valkenburg* Court held "that the execution of the bill of lading at Chicago and the loading of the cargo at Chicago pursuant thereto, and the deterioration of the cargo which was discovered when the cargo was discharged at Rotterdam, are insufficient to show damages to libelant 'growing out of' the use of the waters of the State of Illinois which would bring the statutory provisions for substituted service into play." *Id.,* 295 F.2d at 335. (Citations omitted.)

■■ Nimpex reasons that since the basis for this action is that the cargo was delivered at Chicago in a damaged condition, this action and *Valkenburg* are distinguishable. It would hardly be a commendable legal distinction to say that the loading of cargo destined for foreign ports and its arrival in a damaged condition in violation of a bill of lading agreement constitute insufficient incidents to show damages growing out of the use of Illinois waters, while at the same time to say that the unloading or delivery of damaged cargo shipped from foreign ports constitutes a sufficient incident of use of the Illinois waterways to impose liability. The Act's criterion is not as Nimpex would have it, the delivery of damaged cargo, but that such damaged condition arose from and grew out of the use of Illinois waters. Substituted service under the Act must be predicated on greater incidents of use than those presented to the Court by Nimpex.

Accordingly, it hereby is adjudged, ordered and decreed that the motion to quash service of process on St. Denis Shipping Co., Ltd., is granted.